

U.S. Department of Justice

*Carmen M. Ortiz*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 13, 2016

Carlos Dominguez, Esq.
239 Causeway Street, Suite G
Boston, MA 02114

    Re:    United States v. Robert DeLuca
            Crim. No. 16-10186-DJC

Dear Mr. Dominguez:

       The United States Attorney for the District of Massachusetts ("the U.S. Attorney"), the Attorney General of the State of Rhode Island ("Rhode Island AG"), and your client, Robert DeLuca ("Defendant"), agree as follows with respect to the above-referenced case:

       1.    Change of Plea

       At the earliest practicable date, Defendant shall plead guilty to all counts in which he is named in the above-referenced Indictment: Obstruction of Justice in violation of 18 U.S.C. § 1503 (Count One) and False Statements in violation of 18 U.S.C. § 1001 (Counts Two and Three). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One through Three of the Indictment, did so knowingly and willfully, and is in fact guilty of those offenses.

       Furthermore, Defendant has also agreed with the Rhode Island AG to plead guilty in Rhode Island Superior Court to one count of Conspiracy to Commit Murder in violation of Rhode Island General Law § 11-1-6 in connection with the 1992 murder of Kevin Hanrahan.

       2.    Penalties

       Defendant faces the following maximum penalties on each count of the above-referenced Indictment: Count One (Obstruction of Justice) - incarceration for 10 years, supervised release for 3 years, a fine of $250,000, and a mandatory special assessment of $100; and Counts Two and Three (False Statements) - incarceration for 5 years, supervised release for 3 years, a fine of

$250,000, and a mandatory special assessment of $100 per count.

3.  Sentencing Guidelines

The sentence to be imposed upon Defendant in this case is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The parties agree that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

- in accordance with USSG §§ 2J1.2(c), 2X3.1(a)(1), 2E1.1(a)(2), 2A1.1(a), and 2X3.1(a)(3)(A), Defendant's base offense level is 30, because the underlying offense has a base offense level of 43 and Defendant's base offense level, which is typically six levels below the base offense level for the underlying offense, cannot be more than level 30.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the USSG or for a sentence outside the USSG under the factors set forth in 18 U.S.C. § 3553(a), except as specified below with respect to Defendant's criminal history. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure from, or a sentence outside, the USSG, except as set forth below.

The U.S. Attorney reserves the right to seek an upward departure pursuant to USSG § 4A1.3 should any of Defendant's prior convictions be vacated or Defendant's Criminal History Category otherwise change after Defendant's indictment in this case.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG § 3E1.1.

The U.S. Attorney reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

  (d)  Fails to provide truthful information about Defendant's financial status;

  (e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

  (f)  Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

  (g)  Intentionally fails to appear in Court or violates any condition of release;

  (h)  Commits a crime;

  (i)  Transfers any asset protected under any provision of this Plea Agreement; or

  (j)  Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after the date of this Plea Agreement.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

  4.  <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the Court:

  (a)  incarceration within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, to be served concurrently with any sentence imposed by the Superior Court of Rhode Island;

  (b)  a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

  (c)  36 months of supervised release; and

  (d)  a mandatory special assessment of $300, which Defendant must pay to the

Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so).

Defendant agrees to provide the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the U.S. Attorney all such items at least 21 days before sentencing shall be deemed waived.

5.     Waiver of Rights to Appeal and to Bring Future Challenge

    (a)     Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence in this federal case (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that Defendant's conviction in this case should be set aside or Defendant's sentence in this case (including any orders relating to supervised release, fines, forfeiture, and restitution) should be set aside or reduced.

    (b)     Defendant waives any right to challenge Defendant's conviction in this case on direct appeal or in a future proceeding (collateral or otherwise).

    (c)     Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any sentence of imprisonment of 150 months or less or any orders relating to supervised release, fines, forfeiture, and restitution in this case. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Plea Agreement.

    (d)     The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any imprisonment sentence of 120 months or more in this case.

    (e)     Regardless of the previous sub-paragraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington* in this case; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

6. <u>Other Post-Sentence Events</u>

(a) If, despite the waiver provision of sub-paragraph 5(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence in this case, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 5(c)).

(b) If, despite the waiver provision of sub-paragraph 5(c), Defendant seeks re-sentencing in this case, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

(c) In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence in this case, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Plea Agreement.

7. <u>Court Not Bound by Plea Agreement</u>

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

8. <u>Civil Liability</u>

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

9. <u>Rejection of Plea by Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Plea Agreement shall be null and void at the option of the U.S. Attorney.

10. <u>Breach of Plea Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, regardless whether she elects to be released from her commitments under this Plea Agreement. Further, the U.S. Attorney may pursue any and all charges that have been, or are to be, dismissed pursuant to this Plea Agreement. Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

11. <u>Who Is Bound By Plea Agreement</u>

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts and the Attorney General of the State of Rhode Island, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. <u>Complete Plea Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

6

If this letter accurately reflects the agreement between the U.S. Attorney, the Rhode Island AG, and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Fred M. Wyshak, Jr.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: *(signature)*
Fred M. Wyshak, Jr.
Chief, Public Corruption Unit

*(signature)*
William J. Ferland
Special Assistant U.S. Attorney


PETER F. KILMARTIN
Attorney General
State of Rhode Island

By: *(signature)*
James Baum
Assistant Attorney General

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts and the Rhode Island Attorney General's Office; (b) there are no unwritten agreements between me and those offices; and (c) no official of the United States or the State of Rhode Island has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Robert P. DeLuca
Defendant

Date: 10/25/2016

I certify that Robert P. DeLuca has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily, and knowingly. I also certify that neither the U.S. Attorney nor the Rhode Island Attorney General has extended any other offers regarding a change of plea in this case.

Carlos Dominguez, Esq.
Attorney for Defendant

Date: 10/25/2016

8

## CERTIFICATE OF SERVICE

I, Fred M. Wyshak, Jr., Assistant United States Attorney, do hereby certify that this document, was filed on the above date through the ECF system which sends copies electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

/s/ Fred M. Wyshak, Jr.
FRED M. WYSHAK, JR.
Assistant U.S. Attorney